## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY F. SEITZ, in his capacity as trustee for City Line Behavioral Healthcare, LLC and Life of Purpose-Pennsylvania, LLC, Plaintiff,** | **CIVIL ACTION** |
| **v.** | **NO.  21-0083** |
| **ANDREW ROTHERMEL, THOMAS GREER, JEFFREY MUIR, TOM LEAHEY, AND VINCENT OLMSTEAD, Defendants.** | |

## <u>MEMORANDUM OPINION</u>

In 2019, City Line Behavioral Healthcare, LLC ("LBH") and its subsidiary, Life of Purpose-Pennsylvania, LLC (collectively, the "Company") filed for Chapter 7 bankruptcy. Plaintiff was appointed as Trustee for the Debtor.  On September 20, 2021, Plaintiff filed an adversary proceeding against the Defendants (directors and officers of the Company) in bankruptcy court, bringing claims of corporate waste, breach of fiduciary duty, and breach of the duty of loyalty (the "Adversary Proceeding").  Defendants Andrew Rothermel, Thomas Greer, Jeffrey Muir, and Vincent Olmstead now move to withdraw the reference of the Adversary Proceeding to bankruptcy court, pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a).  For the reasons that follow, Defendants' Motion for Withdrawal of Reference will be denied without prejudice.

### I.     PROCEDURAL BACKGROUND

Before describing how Plaintiff's Motion arrived at the Court's door, it is worth taking a moment to review the fundamentals of bankruptcy procedure.  The federal bankruptcy laws are housed in Title 11 of the United States Code.  1 Norton Bankr. L. & Prac. 3d § 3:1 (Jan. 2022

Update).  Together, these laws are sometimes called "Title 11" or "the Bankruptcy Code."  *Id*.  A bankruptcy case begins upon the filing of a petition under the Bankruptcy Code.  *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1233 (3d Cir. 1994) (citing *Collier on Bankruptcy* ¶ 1109.02 (15th ed. 1993)).  During the pendency of a bankruptcy case, various disputes may arise between the creditors, the debtor, and/or other parties.  There are two types of disputed matter: (1) contested matters, commenced by filing a motion; and, (2) adversary proceeding, initiated by filing a complaint.  *Id*.  An adversary proceeding is "essentially a self-contained trial . . . within the original bankruptcy case."  *In re Mansaray-Ruffin*, 530 F.3d 230 (3d Cir. 2008); *see also* Fed. R. Bankr. P. 7001 (listing types of adversary proceedings).

The present case traces its ancestry to the United States Bankruptcy Court for the Eastern District of Pennsylvania, where, on April 17, 2019, the Company filed a petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code.[1]  *See Seitz v. Gerner, et al.*, No. 19-12493-mdc (Bankr. E.D. Pa.).  Plaintiff Gary F. Seitz was appointed Trustee, meaning that he is responsible for administering the bankruptcy case, and for investigating and liquidating the assets of the debtor.  11 U.S.C. § 704 (setting out the duties of the trustee); Norton Bankr. L. & Prac. 3d Dict. of Bankr. Terms § T70.[2]  On September 20, 2021, Plaintiff, as Trustee, filed an adversary proceeding in bankruptcy court against the Defendants for damages resulting from their alleged breach of fiduciary duties and for corporate waste.  Defendants responded by filing their Motion for Withdrawal of Reference, which, as explained in further detail below, seeks to free the

---

[1] Chapter 7 of the Bankruptcy Code "deals with the liquidation of an estate."  1 Norton Bankr. L. & Prac. 3d § 11:1 (Jan. 2022 Update).  Liquidation means "the administration, collection, and sale of a debtor's assets by a bankruptcy trustee and the distribution of the proceeds, after payment of administrative expenses, to pay creditors."  Norton Bankr. L. & Prac. 3d Dict. of Bankr. Terms § L70 (Jan. 2022 Update).

[2] The "debtor" is the person "concerning which a case under [Title 11] has been commenced," in this instance, the Company.  Norton Bankr. L. & Prac. 3d Dict. of Bankr. Terms § D30.

adversary proceeding from the embrace of the bankruptcy court so that they may instead litigate it before this Court.[3]

## II.    LEGAL STANDARDS

Although federal district courts have "original and exclusive jurisdiction of all cases under title 11," 28 U.S.C. § 1334(a), they may refer such cases, and related proceedings, to the bankruptcy courts.  *Id.* § 157(a).  In the Eastern District of Pennsylvania, such cases and proceedings are automatically referred to the bankruptcy courts pursuant to a standing order. United States District Court for the Eastern District of Pennsylvania, *In re: Bankruptcy Administration: Order of Reference* (Nov. 8, 1990).

Referrals (or "references") are not irreversible.  Congress has provided a mechanism by which a district court may withdraw a referral made to the bankruptcy court, and return a case or proceeding to the district court for resolution:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

This provision creates a presumption "heavily weighted" against withdrawal.  *Feldman v. ABN AMRO Mortg. Grp., Inc.*, 2020 U.S. Dist. LEXIS 22949, at \*19 (E.D. Pa. Feb. 10, 2020). "The party seeking the withdrawal of the reference has the burden of going forward to show the grounds for withdrawal and bears the ultimate risk of non-persuasion." *In re Earth Pride*

---

[3] Federal Rule of Bankruptcy Procedure 5011(a) provides that such motions shall be heard by a district judge.

*Organics, LLC*, 602 B.R. 1, 12 (E.D. Pa. May 23, 2019) (quoting *In re Camden Ordnance Mfg.*
*Co. of Ark., Inc.*, 245 B.R. 794, 805 (E.D. Pa. Mar. 9, 2000)).

## III.   DISCUSSION

### A.  Mandatory Withdrawal

Withdrawal is mandatory under Section 157 only if "resolution of the claims will require
'substantial and material' consideration of non-code federal statutes that have more than a de
minimis impact on interstate commerce." *In re Forks Specialty Metals Inc.,* 2020 WL 2098099,
at *1 (E.D. Pa. May 1, 2020) (emphasis deleted) (quoting *Times Mirror Mags., Inc. v. Las Vegas*
*Sports News, L.L.C.*, 1999 WL 179749, at *2 n.2 (E.D. Pa. Mar. 17, 1999)).  For withdrawal to
be mandatory, "the non-bankruptcy federal laws must be necessary for the resolution of a case or
proceeding and not simply a consideration in the proceeding." *In re Camden Ordnance Mfg.*
*Co.,* 245 B.R. at 806.  Defendants argue that withdrawal is mandatory because the Adversary
Proceeding "is based upon acts, results and consequences of criminal activity" regulated by Title
18 of the United States Code.

Defendants' argument mischaracterizes the nature of Plaintiff's claims against them.  The
Adversary Proceeding alleges that Defendants breached their fiduciary duty and duty of loyalty
by settling a lawsuit brought by the Company against its former directors and officers (the
"Former D&Os").  This lawsuit followed the sale of a 70% stake in the Company and the
subsequent discovery of criminally fraudulent conduct by the Former D&Os.  It concerned the
Former D&Os' alleged duty of indemnification for losses caused by their breach of the purchase
agreement.  Although some of the Former D&Os were eventually charged with federal crimes
under Title 18, the Adversary Proceeding is not against the Former D&Os.  Defendants provided
no evidence that consideration of Title 18 would be "necessary" to the resolution of Plaintiff's

challenge to Defendants' approval of the settlement agreement.[4]  The mandatory withdrawal

provision should not be used "where the withdrawal motion is based on speculation about federal

issues which may or may not arise in the proceedings." *In re St. Mary Hosp.,* 115 B.R. at 496

(citing *In re White Motor Corp.*, 42 B.R. 693, 704 (N.D. Ohio Aug. 14, 1984)).  Therefore,

withdrawal is not mandatory under Section 157.[5]

### B.  Discretionary Withdrawal

Discretionary withdrawal may be granted "for cause shown," 28 U.S.C. § 157(d), a

determination which turns on five factors: (1) "promoting uniformity in bankruptcy

administration"; (2) "reducing forum shopping and confusion"; (3) "fostering the economical use

of the debtors' and creditors' resources"; (4) "expediting the bankruptcy process"; and, (5) the

timing of the withdrawal petition.  *In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir. 1990) (quoting

*Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).  Two additional

considerations guide the exercise of discretionary withdrawal: "whether (i) the underlying

proceeding involves 'core' or 'non-core' claims, and (ii) any party has asserted a right to a jury

trial to which it is constitutionally entitled." *In re Forks Specialty Metals Inc.,* 2020 WL

2098099, at *2 (quoting *In re Earth Pride Organics*, 602 B.R. at 12-13).

As to the first factor, Defendants maintain that denying their Motion would not "promote

uniformity in bankruptcy administration" because "the law and facts at issue in the Adversary

---

[4] The cases relied on by Defendants are distinguishable because at least one party in the proceedings subjected to withdrawal was accused with violating a federal statute.  *In re St. Mary Hosp.,* 115 B.R. 495, 497-98 (E.D. Pa. May 11, 1990) (withdrawal was mandatory because a counterclaim raised in the adversary proceeding alleged violations of the Medicare statute, 42 U.S.C. § 1395oo); *In re Schlein*, 188 B.R. 13, 14 (E.D. Pa. Oct. 23, 1995) (withdrawal was mandatory because the adversarial complaint alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.  Here, the Adversary Proceeding rests on tort law, not federal statutory law.

[5] The Adversary Proceeding also accuses Defendants of corporate waste, but Defendants' mandatory withdrawal arguments do not rest on that claim.

Proceeding . . . have little to do with bankruptcy law and procedure."  The fact that withdrawal would not require the Court to dispose of bankruptcy law matters does not establish  that withdrawal would promote uniformity in bankruptcy administration.  At best, this assertion suggests that withdrawal would not *disrupt* the uniformity of bankruptcy administration, but that argument could be advanced about all non-core proceedings, which, by definition, neither "arise under title 11" nor "aris[e] in a case under title 11."  28 U.S.C. § 157(b)(1), (3).[6]  Accordingly, Defendants have not carried their burden under the first factor.

Turning to the second factor, Defendants contend that withdrawal would reduce forum shopping and confusion because the district court is "better equipped to make the required determinations under non-bankruptcy laws."  Defendants do not explain, however, why the bankruptcy court would be ill-equipped to consider Plaintiff's claims.  Instead, they argue that this Judge "is already involved" in the Former D&Os' criminal cases and that "some of those records will be instrumental in resolving the Adversary Proceeding."

This Judge did oversee criminal cases against the Former D&Os.  *See United States v. Gerner*, No. 19-CR-470-WB (E.D. Pa. terminated Aug. 19, 2020); *United States v. Braccia*, No. 19-CR-202-WB (E.D. Pa. terminated Sept. 23, 2019); *United States v. Coluccio*, No. 20-CR-50-WB (E.D. Pa. terminated May 27, 2020).  As noted above, however, Defendants have not shown that the consideration of these criminal cases will be necessary to the resolution of the Adversary Proceeding.  Even if they prove relevant, this Judge has no special knowledge of the facts at issue in the Adversary Proceeding; the three criminal cases cited by Defendants were brought

---

[6] "Core proceedings are matters which 'invoke a substantive right provided by title 11' or 'that by [their] nature could arise only in the context of a bankruptcy case.'"  *In re IMMC Corp.*, 909 F.3d 589, 595 (3d Cir. 2018) (quoting *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999)); *see also* 28 U.S.C. § 157(b)(2) (listing types of core proceedings).  "Non-core proceedings are 'not . . . core' but are 'otherwise related to a case under title 11.'"  *In re IMMC Corp.*, 909 F.3d at 595 (quoting 28 U.S.C. § 157(c)(1)).

against third parties and each of them closed in 2019 or 2020.  By contrast, the bankruptcy court has developed familiarity with the facts underlying the Adversary Proceeding because "Judge Coleman . . . has managed the [Company's] bankruptcy cases for more than two and a half years and also has before her Plaintiff's ongoing Adversary Proceeding against the Former D&Os." Prematurely removing the case from the bankruptcy court would tend to encourage forum-shopping.  This factor accordingly weighs against withdrawal.

Next, Defendants argue that the third factor favors them because withdrawal will "avoid redundant proceedings and legal work, including but not limited to pleadings, dispositive motions and accompanying briefs, and other pre-trial matters."  Defendants do not explain what the cause of this alleged redundancy could be.  To the extent that this argument rests on the fact that "all dispositive matters resolved by the bankruptcy court may be appealed to the district court," it cannot be accepted, because it "would essentially result in permissive withdrawal of the reference in every bankruptcy case." *Feldman*, 2020 U.S. Dist. LEXIS 22949, at *17 (quoting *In re GEO Specialty Chems., Inc.*, 2017 WL 66387, at *4 (D. N.J. Jan. 5, 2017)).  This result would run contrary to the presumption inherent in Section 157 that bankruptcy proceedings should be "adjudicated in bankruptcy court unless rebutted by a contravening policy."  *Id*. at *6-7 (quoting *Hatzel & Buehler, Inc. v. Cent. Hudson Gas & Elec. Corp.*, 106 B.R. 367, 371 (D. Del. Nov. 3, 1989)).  Accordingly, this factor does not favor Defendants.

Under the fourth factor, Defendants assert that withdrawal would expedite the bankruptcy process because the Adversary Proceeding could be litigated parallel to the underlying bankruptcy.  Defendants have not provided any basis for their assumption that the Adversary Proceeding could be more expeditiously litigated in this Court than in the bankruptcy court.  One could just as easily assume the opposite—*i.e.*, that federal bankruptcy courts move at a faster clip

than district courts.  Ultimately, whether or not withdrawal would expedite the bankruptcy process is unclear at this stage—pretrial motions or procedural developments could delay or accelerate the proceedings in either forum.  As Defendants have alleged no facts to support their assertions, this factor does not weigh in their favor.

Plaintiff appears to concede that his Adversary Proceeding against Defendants rests on non-core claims.  This consideration therefore favors withdrawal—but it should not be granted for this reason alone.  *In re Forks Specialty Metals Inc.*, 2020 WL 2098099, at *2.  Otherwise, no non-core matter would ever be referred to the bankruptcy courts.  This consideration therefore does not determine the outcome of Defendants' Motion.

Defendants assert a Seventh Amendment right to a jury trial and refuse to consent to such a trial in the bankruptcy court—but this stance "is not of itself sufficient cause for discretionary withdrawal."  *Feldman*, 2020 U.S. Dist. LEXIS 22949, at *8 (quoting *In re Am. Classic Voyages Co*., 337 B.R. 509, 511 (D. Del. Feb. 7, 2006)).  "Rather, '[w]ithdrawal of the reference based on the ground that a party is entitled to a jury trial should be deferred until the case is 'trial ready.'"  *Id*. at *13 (alteration in original) (quoting *In re Big V Holding Corp*., 2002 WL 1482392, at *5 (D. Del. Jul. 11, 2002)).

The Adversary Proceeding is yet in the earliest stages of litigation—Defendants concede that they have not yet filed a pleading in the suit.  This establishes that Defendants' Motion was timely, a factor in their favor.  But district courts in this Circuit do not condone withdrawal of a proceeding at its inception on the basis of a defendant's right to a jury trial.  *See, e.g.*, *In re Am. Classic Voyages Co.*, 337 B.R. at 511 ("A District Court may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion is made at an early stage of the proceedings and dispositive motions may resolve the matter."); *In re Techs. Liquidations Co.*,

2007 U.S. Dist. LEXIS 28320, at *5 (W.D. Pa. Apr. 17, 2007) ("Courts have . . . recognized that it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial." (ellipsis in original) (quoting *Am. Classic Voyages Co.*, 337 B.R. at 512))); *In re Portnoy,* 2017 WL 3141186, at *5 (E.D. Pa. Jul. 24, 2017) ("Courts routinely permit the bankruptcy court to oversee pretrial matters, even in proceedings involving non-core claims to which a party has a jury trial right.").

Defendants have not carried their burden to show cause for withdrawal of the reference. Because these factors could weigh in Defendants' favor at a later point in the Adversary Proceeding, dismissal will be without prejudice.[7]

An appropriate order follows.

BY THE COURT:

*/s/ Wendy Beetlestone*

WENDY BEETLESTONE, J.

[7] The Parties attempt to incorporate by reference arguments that they made in a different case arising out of the same bankruptcy, *Seitz v. Great Am. Ins. Co.*, No. 21-mc-00063 (E.D. Pa. terminated Dec. 22, 2021). The Parties cited to no legal authority permitting this practice. Eastern District of Pennsylvania Local Civil Rule 7.1(c) provides that every motion "shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion." It does not permit the Parties to incorporate briefs filed in a different case by reference. *See also Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 n.24 (2004) (a footnote seeking to incorporate by reference arguments made before the Court of Appeals did not "raise the question fairly" and would not be considered).